IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MATTHEW HETLAND,<br><br>                            Plaintiff,<br><br>v.<br><br>TRAVIS BEAUCHESNE, an individual, iCLICK PROMOTIONS, LLC, a Utah limited liability company, and PLAYA NEGRA, a Costa Rica entity of unknown origins,<br><br>                            Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' OBJECTION**<br><br>Case No. 2:15-mc-00299<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin Pead |

Defendants Travis Beauchesne and iClick Promotions, LLC (collectively, "Defendants") filed an Objection[1] to Magistrate Judge Pead's Ruling & Order ("Objection") denying Defendants' Request for Hearing.[2] For the reasons set forth below, Defendants' Objection is GRANTED.

Defendants requested a hearing ("Hearing Request") after Plaintiff's two separate writs of execution were issued on June 16, 2015.[3] Defendants set forth two arguments for their Hearing Request: (1) the property which has been executed upon is exempt from execution; and (2) the writ of execution was issued improperly.[4] Plaintiff filed his response to Defendants' Hearing Request on July 7, 2015.[5] Defendants replied on July 16, 2015.[6] After the matter was fully briefed, the Magistrate Judge considered Defendants' Hearing Request in accordance with

---

[1] Objection to Magistrate's July 23, 2015 Ruling & Order, docket no. 23, filed July 29, 2015.

[2] Ruling & Order, docket no. 18, filed July 23, 2015.

[3] Request for Hearing, docket no. 8, filed June 29, 2015.

[4] *Id.* at 2–3.

[5] Response to Request for Hearing, docket no. 12, filed July 7, 2015.

[6] Reply in Support of Request for Hearing, docket no. 16, 2015.

DUCivR 7-1(f) "on good cause shown."[7] The Magistrate Judge analyzed the Defendants'

arguments, and ultimately found that good cause for a hearing request had not been shown.[8] The

Magistrate Judge denied Defendants' Hearing Request.[9] Defendants, in their Objection to the

Magistrate Judge's denial of their Hearing Request, argued that a hearing should have been

granted as a matter of right pursuant to Utah Rule of Civil Procedure 64E(d)(2).[10]

Utah Rule of Civil Procedure 64E(b) governs the procedure for obtaining a writ of

execution. After a writ is issued and served upon the defendant, Rule 64E(d) provides:

> (d)(1) The defendant may reply to the writ and request a hearing. The reply shall
> be filed and served within 14 days after service of the writ and accompanying
> papers upon the defendant.

> (d)(2) *The court shall set the matter for an evidentiary hearing* as soon as possible
> and not to exceed 14 days. If the court determines that the writ was wrongfully
> obtained, or that property is exempt from seizure, the court shall enter an order
> directing the officer to release the property. If the court determines that the writ
> was properly issued and the property is not exempt, the court shall enter an order
> directing the officer to sell or deliver the property. If the date of sale has passed,
> notice of the rescheduled sale shall be given. No sale may be held until the court
> has decided upon the issues presented at the hearing.

> (d)(3) If a reply is not filed, the officer shall proceed to sell or deliver the
> property.[11]

The language of Rule 64E(d)(2) requires the Magistrate Judge to hold a hearing if

defendant replies to the writ and requests a hearing within 14 days after service. Here,

Defendants filed their Hearing Request within 14 days after service. The Magistrate Judge was

required to set the matter for an evidentiary hearing. Plaintiff cites no authority holding that such

a hearing may be waived.

---

[7] Ruling & Order at 1.

[8] *Id.* at 7.

[9] *Id.*

[10] Objection at 5.

[11] Utah R. Civ. P. 64E(d).

It is therefore ORDERED that Defendants' Objection[12] to Magistrate Judge's Ruling & Order is GRANTED. The Magistrate Judge shall set the matter for an evidentiary hearing as soon as possible.

Dated November 2, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[12] Objection to Magistrate's July 23, 2015 Ruling & Order, docket no. 23, filed July 29, 2015.