IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MATTHEW HETLAND,<br><br>      Plaintiff,<br><br>v.<br><br>TRAVIS BEAUCHESNE, an individual, iCLICK PROMOTIONS, LLC, a Utah limited liability company, and PLAYA NEGRA, a Costa Rica entity of unknown origins,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE DECEMBER 23, 2015 ORDER OVERRULING DEFENDANTS' OBJECTION TO WRIT OF EXECUTION**<br><br>Case No. 2:15-mc-00299-DN<br><br>District Judge David Nuffer |

Defendants Beauchesne's and iClick Promotions, LLC's (collectively, "Defendants") Objection to Magistrate Judge Pead's Order Overruling Defendants' Objection to Writ of Execution ("December 23, 2015 Order")[1] is resolved in this order.

## BACKGROUND[2]

On March 18, 2015, a jury verdict was returned against Defendants in the United States District Court for the District of California.[3] As the prevailing party, Plaintiff Matthew Hetland was awarded $731,465.80 in general damages against Defendants and $1,450,000 in punitive damages against Defendant Mr. Beauchesne. Thereafter, on April 28, 2015, Plaintiff filed a clerk's certification requesting that the California judgment be registered in the United States

---

[1] Objection to Magistrate Pead's Order Overruling Defendants' Objection to Writ of Execution ("January 11, 2016 Objection"), docket no. 43, filed January 11, 2016.

[2] The factual background of this case is not in dispute. The following background facts are taken directly from the Magistrate's Order.

[3] Clerk's Certification of a Judgment to be Registered in Another District and Amended Judgment on General Verdict, docket no. 1, filed April 28, 2015.

District Court, District of Utah.[4] That same day, the Clerk's Office for the Federal District Court of Utah registered the judgment and opened the above entitled case.

On June 16, 2015, Plaintiff filed a copy of the California Court's May 27, 2015 Order ("May Order") granting Plaintiff's "Motion to Permit Registration of Judgment."[5] In the May Order, the California District Court found good cause to support registration of the California judgment "in any judicial district in the United States where Defendants['] . . . assets are believed to exist."[6]

Writs of execution against Defendants' assets were subsequently issued. The Writs list the property to be executed upon as:

> [a]ll right, title, and interest that the judgment debtor, Travis Beauchesne, has or may have in any and all claims, counterclaims, offsets, cause of action and choses in action alleged in or related to the case styled as iClick Promotions, LLC v. Stellia Limited, et al., pending in the Unites [sic] States District Court for the District of Utah as Case No. 2:12-cv-01013-RJS-BCW, together with any right to receive payment under the Reseller Agreement.[7]

The case of *iClick Promotions, LLC v. Stellia Limited et. al.,* referenced in the Writs of Execution, is currently being litigated in this Court before United States District Court Judge Robert Shelby.

On June 29, 2015, Defendants' filed a Request for Hearing seeking a hearing on Plaintiff's Writs of Execution.[8] In support of the Request for Hearing, Defendants argued, among other things, that the Reseller Agreement and any interests and claims arising from it, are not

---

[4] *Id.*

[5] Order Granting Plaintiff Matthew Hetland's Motion to Permit Registration of Judgment Pursuant to 28 U.S.C. § 1963, docket no. 3, filed June 16, 2015.

[6] *Id.; see also* 28 U.S.C. § 1963.

[7] January 11, 2016 Objection at 3 (citing Praecipe and Issued Writ of Execution, docket nos. 6-2 and 7-2, filed June 16, 2015).

[8] Request for Hearing, docket no. 8, filed June 29, 2015.

assignable based upon a non-assignability clause under the Agreement.[9] On July 23, 2015, the Magistrate Judge overruled Defendants' objections to the Writs of Execution and denied Defendants' Request for Hearing ("July 23, 2015 Order").[10] Defendants objected to the Magistrate Judge's July 23, 2015 Order.[11] The District Judge, on November 6, 2015, granted the Defendants' objection and held that Utah Rule of Civil Procedure 64E(d)(2) requires a hearing.[12] The merits of Defendants' objection were not reached. A hearing was held on December 18, 2015.[13] During the hearing, Defendants withdrew their objection regarding notice of the registration of the judgment in the District of Utah and limited their objection to the alleged non-assignability of the rights and obligations of Defendant iClick Promotions under the Reseller Agreement.[14]

On December 23, 2015, the Magistrate Judge issued its Order overruling Defendants' objections ("December 23, 2015 Order").[15] The Magistrate Judge held that the court "lacks jurisdiction to determine whether the non-assignability clause affects the transferability of the assets described in the Writ. The Court's jurisdiction in this context is limited to the determining whether a statutory exemption prevents execution on the assets to be sold."[16] The Magistrate Judge also held, in the alternative, that "if the Court has jurisdiction to address the assignability issue, the non-assignability clause affects only the value of the property described in the Writ,

---

[9] *See id.; see also* Reply in Support of Request for Hearing, docket no. 16, filed July 16, 2015.

[10] Ruling & Order, docket no. 18, filed July 23, 2015.

[11] Objection to Magistrate's July 23, 2015 Ruling & Order, docket no. 23, filed July 29, 2015.

[12] Memorandum Decision and Order Granting Defendants' Objection, docket no. 36, filed November 2, 2015.

[13] Minute Entry, docket no. 42.

[14] *Id.*

[15] Order Overruling Defendants' Objection to Writ of Execution, docket no. 41, filed December 23, 2015.

[16] *Id.* at 2.

not the Writ's validity. The non-assignability clause does not prevent the Court from ordering execution pursuant to a validly issued Writ."[17]

On January 11, 2016, Defendants filed their Objection to the Magistrate Judge's December 23, 2015 Order.[18] The Plaintiff did not file a response.

## STANDARD OF REVIEW

When a magistrate judge's decision concerns a nondispositive matter, the district judge is to "set aside any part of the order that is clearly erroneous or is contrary to law."[19] When a magistrate judge's decision concerns a dispositive matter, the district judge is only to recommend a disposition and, upon timely objection by one of the parties, the district court judge is to review the magistrate judge's recommendation de novo.[20] Because the matter dealt with in the December 23, 2015 Order is dispositive of the Defendants' claim, the Order shall be construed as a Report and Recommendation ("R & R"), and it will be reviewed de novo.

## DISCUSSION

Defendants' Objection to the December 23, 2015 Order is denied as untimely. Federal Rule of Civil Procedure 72, and its statutory counterpart 28 U.S.C. § 636, controls on this issue. Rule 72 provides in pertinent part that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."[21] The governing procedural rule for computing time is Federal Rule of Civil Procedure 6, which states in part: "When the period [under the rules] is stated in days or a longer unit of time; (A) exclude the day of the event that triggers the period [and] (B)

---

[17] *Id.*

[18] January 11, 2016 Objection.

[19] Fed. R. Civ. P. 72(a).

[20] *Id.* 72(b).

[21] *Id.* 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C).

4

count every day, including intermediate Saturdays, Sundays, and legal holidays[.]"[22] Defendants were served with the Magistrate Judge's Order on December 23, 2015. Thus, Defendants' objection was untimely as of January 6, 2016.

Even assuming that Defendants' objection was timely, after a de novo review of those portions of the December 23, 2015 Order to which objection is made, including the record that was before the magistrate judge and the reasoning set forth in the December 23, 2015 Order, it is clear that the analysis and conclusions of the magistrate judge are correct. Defendants contend that the Magistrate Judge was incorrect in holding that this court "lack[ed] jurisdiction to determine whether the non-assignability clause [under the Reseller Agreement] affects the transferability of the assets described in the Writ."[23]

In Utah, a "writ of execution" is available under Utah Rule of Civil Procedure 64E(a) "to seize property in the possession or under the control of the defendant following entry of a final judgment or order requiring the delivery of property or the payment of money."[24] For purposes of Rule 64E, "'Property' means the defendant's property of any type not exempt from seizure. Property includes but is not limited to real and personal property, tangible and intangible property, the right to property whether due or to become due, and an obligation of a third person to perform for the defendant."[25] Rule 64E(d) provides the procedure for a defendant to challenge a writ of execution. The defendant may reply to the writ and request a hearing.[26] Following the hearing, "[i]f the court determines that the writ was wrongfully obtained, or that property is

---

[22] *Id.* 6(a)(1)(A)-(B).

[23] December 23, 2015 Order at 2.

[24] Utah R. Civ. P. 64E(a).

[25] *Id.* 64(a)(9).

[26] *Id.* 64E(d)(1).

exempt from seizure, the court shall enter an order directing the officer to release the property."[27] Rule 64E's statutory counterpart, Utah Code Ann. § 78B-5-505, provides an exhaustive list of items that are exempt from execution. An anti-assignment clause is not among the exemptions identified in U.C.A. § 78B-5-505, nor is there any other provision in the statute that suggests that anti-assignment clauses exempt property from seizure. Defendants argue that exemptions from seizure extend beyond § 78B-5-505—the statutory provision for exemptions. However, Defendants cited cases[28] do not support this premise nor the plan language of Rule 64E and § 78B-5-505 support it. Therefore, the analysis and conclusions of the Magistrate Judge are accepted and the December 23, 2015 Order is affirmed.

IT IS HEREBY ORDERED that the Objection to the Magistrate Judge's December 23, 2015 Order[29] is overruled and the December 23, 2015[30] Order is AFFIRMED in all respects.

Dated May 27, 2016.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[27] Utah Rule of Civil Procedure 64E(d)(2).

[28] See *SME Industries, Inc. v. Thompson, Ventulett, Stainback and Associates, Inc.*, 28 P.3d 669 (Utah 2001); *Brigham Young University v. Tremco Consultants, Inc.*, 156 P.3d 782 (Utah 2007).

[29] January 11, 2016 Objection.

[30] Docket no. 41.